IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOMINIC MATTHEWS,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, et al.,<br><br>  Defendants. | Civil Action No.:  SAG-23-1975 |

**MEMORANDUM OPINION**

Plaintiff Dominic Matthews filed this civil action alleging a violation of his rights under the Americans with Disabilities Act of 1990 ("ADA), 42 U.S.C. §§ 12101–12213 (2018).  ECF No. 1.  Matthews subsequently filed an amended complaint that the Court construed as a supplement to the complaint.  ECF Nos. 10, 14.  Matthews brings claims against the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Warden William Bailey, Assistant Warden Brittingham, Amy Gragg, Michele C. Gardner, and YesCare Health Services ("YesCare").[1]  *Id.*  When Matthews filed this action he was housed at Eastern Correctional Institution ("ECI").  ECF No. 1.  On May 10, 2024, the Court received notification from Matthews that he had been transferred to Roxbury Correctional Institution ("RCI").  ECF No. 30.

Defendant YesCare filed a motion to dismiss and Matthews opposed the motion.  ECF Nos. 22, 25.  The remaining Defendants, DPSCS, Warden William Bailey, Assistant Warden Brittingham, Amy Gragg, and Michele C. Gardner ("Correctional Defendants") filed a motion to

---

[1] The Clerk will be directed to revise the spellings and titles of Defendants' names in the case caption to correspond with the information provided by counsel for Defendants.  *See* ECF No. 26-1 at 1.

dismiss or, in the alternative, for summary judgment and Matthews opposed the motion.[2]  ECF Nos. 26, 29.  A hearing is not necessary to resolve the pending motions.  *See* Local Rule 105.6 (D. Md. 2023).  For the following reasons, the Court will grant deny YesCare's motion to dismiss as pertains to the ADA claims brought against it, and will deny the Correctional Defendants' motion, construed as a motion for summary judgment.  Matthews's motion to appoint counsel will be granted. ECF No. 24.

   I.     BACKGROUND

Matthews filed a complaint seeking damages and injunctive relief.  ECF No. 1 at 3. The supplement to the complaint simply added Defendants to the complaint, which the Court allowed. ECF Nos. 10, 14.  Matthews is seeking to compel the Defendants to comply with ADA policies that include providing "[a]ccessible design" and for monetary damages against Defendants for lack of compliance to date.  *Id.*

Matthews alleges that due to his disability, he is denied access to programs that would allow him to earn time credit on his sentence and wages.  *Id.* at 2.  Prior to Defendants' determination that he was disabled, he was receiving ten days of time credit each month.  *Id.* Matthews also alleges that DPSCS policies on disabilities are not being followed on his complaints and accommodation requests.  *Id.*  He alleges that he is housed in a cell that fails to comply with ADA standards for accessible design.  *Id.*  The only modification that has been installed is a grab bar and he gives an example of inaccessibility as the height of his toilet being too low.  *Id.*

With its motion, DPSCS submits the Declaration of Defendant Amy Gragg, Correctional Case Management Manager at ECI, whose duties include assigning job detail and social work

---

[2] Matthews filed a motion for an extension of time to respond to the Correctional Defendants' motion which will be denied as moot insofar as he time filed his response.  ECF No. 28.

groups. ECF No. 26-2 at ¶ 1. Gragg attests that because Matthews has mobility issues and uses a walker, on March 30, 2021, he was placed on the medical tier. *Id.* at ¶ 3. Approximately three months later, on July 9, 2021, Matthew was placed on the "Observation Aid" waitlist, which is classified as a sedentary job. *Id.* at ¶ 4. Observation Aid duties include "observing other incarcerated individuals to ensure they do not harm themselves." *Id.* Three months later, on October 9, 2021, Matthews was diagnosed with "severe visual impairment," and eventually determined to be legally blind, which made him "unable" to perform the duties of an Observation Aid. *Id.* at ¶ 5. Over 16 months later, on February 21, 2023, Matthews was placed on the social work group wait lists. *Id.* at ¶ 6. Nearly five more months passed, and on July 14, 2023, Matthews was assigned to the "Thinking for Change social work group." *Id.* at ¶ 7. Gragg attests that as of December 12, 2023, Matthews was still assigned to his group and continuously attending sessions which allowed him to earn good credit days and pay. *Id.*

In Matthews's opposition, received by the Court on January 8, 2024, he states that he does not use the walker daily because he only needs it for long distance and "sustained" travel, and at times goes weeks without using the walker at all. ECF No. 29 at 1. He has no knowledge of the veracity of Gragg's statement that he was placed on the social work wait list on February 21, 2023. *Id.* The social work program was only a three-month program that ran from mid-July 2003 through mid-October 2023. *Id.* He denies that he was in the social work program when Gragg signed her Declaration on December 12, 2023. *Id.*

Matthews also disputes Defendants' assertion that he failed to specify in his complaint the disability related complaints he filed and the accommodations he requested. *Id.* at 2. As an example of his efforts, he references a pending state court case filed in Somerset County asking a Judge to compel the ADA coordinator to process his complaint. *Id.* He states that he did not make

an accommodation request because he does not know what accessibility modifications he is entitled to, but he wants the Defendants to comply with whatever they are. *Id.*

With his response, Matthews provides an undated letter on DPSCS Maryland Correctional Enterprises ("MCE") letterhead denying him a position at the MCE textile plant due to his "particular" disabilities. ECF No. 29-2 at 1. Matthews also submits a DPSCS Disabilities Assessment form dated December 19, 2022, completed by a health care provider, that documents he is vision impaired and legally blind; mobility impaired and uses a walker and wheelchair van for transport; and has requested audio and visual aids which are "indicated." *Id.* at 2.

## II.     STANDARD OF REVIEW

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed

factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

While self-represented pleadings are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*,

999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III. DISCUSSION

At the onset, the Court notes that Matthews is requesting injunctive relief in addition to damages and that, as of May 2024, he was transferred out of ECI to RCI. On the record presented, the Court cannot discern which, if any, of his claims for injunctive relief survive against the named parties. For example, he requests structural accommodations to his cell, but Matthews is no longer housed at ECI. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)); *see also Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).

Similarly, Matthews requests placement in a program where he can earn equivalent time credit and wages to individuals without disabilities, but the Court does not know if these needs still exist for Matthews at RCI. As discussed below, due to these uncertainties, and along with the complexity of the issues raised, the Court will grant Matthew's motion for appointment of pro bono counsel to assist him in filing an amended complaint, and to further represent him in this litigation. The Court now addresses Defendants' pending motions in light of this backdrop.

### A. Defendant YesCare

YesCare argues that it is entitled to dismissal of claims against it pursuant to Federal Rule 12(b)(6) because it is a private contractor and Title II of the ADA applies only to public entities. 42 U.S.C. § 12132.  ECF No. 22-1.  YesCare also asserts that Matthews has not made any allegations against YesCare itself.  *Id.* at 2.

In response to YesCare's motion, Matthews states that it was YesCare who determined that he can only have a "sedentary" job due to his disability and that this determination is a violation of state and federal law.  ECF No. 25 at 1.  He also asserts that YesCare is an agent of the state and is required to comply with the ADA.  *Id.*

YesCare is correct that that it cannot be held liable under Title II of the ADA because it is not a public entity.  Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA defines "public entity" as "any State or local government[,]" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(A)–(B).  "By its plain language, this definition does not include private individuals or private entities." *Mills v. Iser*, ELH-22-1691, 2023 WL 5750414, at *27 (D. Md. Sept. 5, 2023) citing *Wright v. Carroll Cty. Bd. of Educ.,* ELH-11-3103, 2013 WL 4525309, at *19 (D. Md. Aug. 16, 2013) (internal quotation marks and citations omitted).

In contrast, the Rehabilitation Act, which is closely aligned to the ADA, provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...." 29 U.S.C. § 794(a).  The

inquiry under the Rehabilitation Act is whether or not the entity is receiving federal financial assistance, not whether they are a public entity.

Matthews does not state that he is bringing a claim against YesCare under the Rehabilitation Act, nor does he indicate he is bringing a state law claim, other than in his response to YesCare's motion to dismiss. A plaintiff is, however, "not required to use any precise or magical words in [his] pleading." *King v. Rubenstein*, 825 F.3d 206, 222 (4th Cir. 2016) quoting *Stevenson v. City of Seat Pleasant, Md.,* 743 F.3d 411, 418 (4th Cir. 2014); *see also Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) ("Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the standard for notice pleading under Federal Rule of Civil Procedure 8(a)(2)]."). Further, as complaints drafted by self-represented plaintiffs are held to a less stringent standards than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Accordingly, the Court will grant YesCare's motion to dismiss Matthews's Title II ADA claims against it and Matthews will be provided with an opportunity to file an amended complaint. As discussed below, Matthews will be granted appointment of counsel to assist him in doing so.

### B. Correctional Defendants

The Correctional Defendants assert that they are entitled to dismissal of the complaint pursuant to Federal Rule 12(b)(6) or, in the alternative, to summary judgment pursuant to Rule 56. ECF No. 26. They assert that ADA Title II claims may not be brought against the Correctional Defendants in their individual capacities and further that Matthews has not adequately stated a

claim under the ADA. The Court evaluates the motion as a motion for summary judgment because it relies, in part, on the Declaration submitted by the Correctional Defendants. ECF Nos. 26-2.

The Correctional Defendants argue that Matthews fails to state a claim under the ADA because he makes only "bald and conclusory allegations of discrimination or lack of accommodations." ECF No. 26-1 at 8. To seek recovery for violation of the ADA, a plaintiff "must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Cartagena v. Lovell*, 103 F.4th 171, 184 (4th Cir. 2024) (citing *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 498 (4th Cir. 2005) (quoting 42 U.S.C. § 12132(2)); *see also* 29 U.S.C. § 794(a).

The evidence submitted by the Correctional Defendants highlights genuine disputes of material facts precluding summary judgment. While it is not in dispute that Matthews has a disability, the facts are in dispute as to the extent of his capabilities, his qualifications for programs, and the extent of access he has to programs that provide time credit and wages compared to individuals without disabilities. It is not certain when Matthews was placed on the "Observation Aid" waitlist, the dates Matthews was assigned to the social work group and how long he remained in that group, and if the cause of the lengthy lack of programming for Matthews was due to his designation as a person with a disability and the lack of available programs.

Further, Matthews should have an opportunity to name the proper parties and to further develop his assertions about inaccessible housing and accommodations, if he seeks injunctive relief on these claims. Matthews will be directed to file an amended complaint, to which the

Correctional Defendants must respond. Accordingly, the Correctional Defendants' motion for summary judgment is denied.[3]

## IV. APPOINTMENT OF COUNSEL

In light of the factual disputes and the direction to Matthews to file an amended complaint, the Court has assessed the need for the appointment of counsel. A federal court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Exceptional circumstances exist if (1) plaintiff has a "colorable claim" and (2) considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 22, 2024) citing *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

The Court determines that Matthews has presented exceptional circumstances. He amply describes his limited ability to access programs where he can earn time credit and wages due to his disability, and the lack of physical accommodations in housing. His disability related claims are a complicated area of law. Further, as Matthews states in his motion for appointment of counsel, he is legally blind and physically disabled, and it is difficult for him to obtain needed assistance within the prison system. ECF No. 24 at 1. The Court finds that Matthews's medical conditions impact his ability to adequately present his claim. Exceptional circumstances exist and Matthews's motion for appointment of counsel will be granted under § 1915(e)(1).

---

[3] Because Matthews will be provided with an opportunity to file an amended complaint that includes federal and state law claims for damages and injunctive relief, the Court declines to address Defendants' additional arguments.

## V. CONCLUSION

For the foregoing reasons, Defendant YesCare's motion to dismiss ADA claims is granted. The Correctional Defendants' motion, construed as a motion for summary judgment, is denied. Matthews will be directed to file an amended complaint and his motion requesting appointment of counsel will be granted. A separate Order follows.

<u>August 23, 2024</u>   <u>         /s/                        </u>
Date   Stephanie A. Gallagher
   United States District Judge